CATHARINE FAGAN, Appellant, *v.* CHARLES J. FAGAN, Respondent.

*Practice — the court has not power to compel a husband in an action for divorce to pay for the printing of papers on an appeal by his wife — when the court will relieve an appellant from printing the case.*

In this action, brought by a wife for a limited divorce, a judgment dismissing the complaint was entered upon the confirmation of the report of a referee. The plaintiff having appealed from the judgment moved for an order requiring the defendant to furnish means to enable her to print the papers on appeal.

*Held,* that the court properly denied the motion because of a want of power to make the order after the entry of the judgment, but that as it appeared to the General Term that the appeal was by no means a frivolous one, it would modify the order of the court below so as to allow the plaintiff to bring the case to a hearing upon written papers and without printing the same.

Appeal from an order of the Special Term, denying a motion that the defendant furnish means for the printing of the papers on appeal from the judgment in this case.

*Knevals & Ransom,* for the appellant.

*M. J. O'Brien,* for the respondent.

Davis, P. J. :

This is an action for a limited divorce. The issues of fact in it were tried before a referee who reported adversely to the plaintiff. The report was confirmed by the court at Special Term and judgment entered dismissing the complaint  From that judgment the plaintiff has in due form appealed to this court.

Upon evidence showing that she is old, infirm and in great poverty, and therefore unable to pay the expenses of printing the papers on the appeal, the plaintiff moved at Special Term for an order that the defendant furnish her with means sufficient to pay such expenses. The motion was denied by the court below for the want of power to make the same, the court on that subject feeling bound by the decision of this court in the case of *Winton* v. *Winton* (31 Hun, 290). The case is undoubtedly directly in point, although in that case the judgment had been entered in favor of the wife, and the husband was the appellant, and the order was reversed

directing the payment of a sum of money for the services of her attorney on such appeal. This court held that the provisions of section 1769 of the Code were limited to a period antecedent to the judgment in the action. That section of the Code authorizes the court to make allowances during the time of the pendency of the action. I feel constrained to follow the ruling of that case as an authority which this court cannot disregard, but if the question was a new one a careful examination of the provisions of the Code might lead me to the conclusion that the words "during the time of the pendency of the action" are not restricted to a period preceding the judgment. Where the right to appeal exists upon conditions prescribed by the Code, and those conditions are fully performed and the appeal taken is thereby perfected, the action, it seems to me, is still pending, and ought so to be regarded until the final determination of the appeal.

I have looked into the papers and the opinion of the referee so far as to see that the appeal is by no means a frivolous one. It brings up the whole merits of the case, and is to be determined upon the facts found by the referee and the evidence taken before him. But while we cannot under the decision referred to reverse the order of the court below, which was evidently based solely upon the authority of that decision, we at least have power to make such an order as will relieve the plaintiff from the expense of printing any of the papers upon the appeal. That we can properly do in disposing of this appeal, and we shall therefore direct, as a part of the order affirming the order of the court below, a modification providing that the plaintiff may bring the case to a hearing upon written papers and without printing the same; one written copy thereof and of the appellant's points to be served on respondent's attorney, one copy thereof to be filed with the clerk and one copy for the court, and that the order as so modified be affirmed, without costs.

Brady and Daniels, JJ., concurred in the result.

Order modified as directed in opinion, and affirmed as modified, without costs to either party.